THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARTHUR F. CRAFT, Relator, Respondent, v. RICHARD J. LEWIS, as Commissioner of Assessments, JAMES F. FINN, as Commissioner of Buildings, and FRANK J. O'BRIEN, as City Treasurer of the City of Albany, New York, Appellants. (Assessment of 1938.) — Relator instituted this proceeding to review the assessment on property located in the city of Albany. The property consists of a two-family modern house. Respond-ents assessed it at $10,600. Relator occupies the first floor of the property and the second floor is rented for fifty dollars a month. Both flats are similar. An expert witness on behalf of relator testified that the market value of the property is $6,500, and that the rental value of each flat is thirty-seven dollars and fifty cents per month. An expert on behalf of respondents testified that the market value of the property is $11,300 and that the rental value of each flat is fifty dollars per month. The referee found the fair market value of the property to be $7,000, and that real property generally is assessed on an average ratio of eighty-six per cent, and found the assessed value of the property to be, therefore, $6,020. The Special Term confirmed the referee's report. The assessment on this property in previous years has been the subject of litigation. In 1935 the assessment was reduced by stipulation of the parties from $10,600 to $8,000. The property is in the same condition today and has the same value that it had in 1935. Final order and judgment is reversed on the law and facts, without costs to either party. The court hereby reverses the fourth, sixth, seventh and eighth findings of fact contained in the decision. The court annuls and disapproves of all the conclusions

of law contained in such decision. The court hereby finds as a fact the full, fair and reasonable value of the assessed premises on July 1, 1938, to be $9,302.32. The court hereby finds that the assessment of such parcel is erroneous by reason of overvaluation to the extent of the difference between the amount of the assessment and the fair value as hereby found, and the amount of such overvaluation is $1,297.68. In accordance with the stipulation of the parties the court finds that the assessment is also erroneous by reason of inequality, and that such inequality amounts to fourteen per cent. Therefore, the assessed value of the premises should be reduced to the sum of $8,000. The court hereby makes the following conclusion of law: Relator is entitled to judgment that the assessment for the year 1938 is erroneous by reason of overvaluation and inequality and that such assessment roll should be corrected and the judgment to be entered should direct that the assessment for the year 1938 be reduced to the sum of $8,000, and that relator pay taxes on such corrected rate. Crapser, Heffernan, Schenck and Foster, JJ., concur; Hill, P. J., dissents and votes to affirm the order of the Special Term, with costs.